IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON L. STEVENS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 12-0126-CV-W-ODS |
| | ) | Crim. No. 10-00190-01-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Movant was indicted on five counts of mail fraud and one count of theft of property used by the United States Postal Service. He entered a plea agreement pursuant to which he agreed, among other things, to plead guilty to one count of mail fraud and waive his right to raise any issues on appeal or in a postconviction motion other than "claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." The phrase "illegal sentence was defined to "include[ ] a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." The parties agreed to certain predictions regarding the Sentencing Guideline calculations (with the understanding that the Court would make the ultimate decisions with regard to those calculations), including the Movant's offense level was "subject to an enhancement of 12 levels under § 2B1.1(b)(1)(G) because the intended loss exceeded $200,000." The Government agreed, among other things, to dismiss the remaining charges.

The Presentence Investigation Report ("PSR") indicated Movant's offense level was subject to a 12 level increase due to the amount of intended loss. Movant's attorney objected to this assessment, but the objections were overruled and twelve levels were added for the amount of loss. Movant was ultimately sentenced to 105 months of custody; he did not appeal the sentence.

The sole issue raised in his Motion for Postconviction Relief is the same issue related to the amount of loss that was raised, argued, and rejected at the sentencing hearing. He does not contend his attorney was ineffective; he simply contends the guideline calculation was incorrect. The Court rejects Movant's argument for two reasons. First, as a general matter, ordinary issues related to guideline calculations are not cognizable in a postconviction proceeding. See Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Second, Movant specifically waived his right to raise challenges based on guideline calculations.

The Court also declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). A Certificate of Appealability is not warranted because reasonable jurists would not disagree that Movant's claims are not cognizable.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 7, 2012                UNITED STATES DISTRICT COURT